Tukley, J.
delivered the opinion of the court.
. This is an action, commenced by the plaintiff against the defendant, removed by appeal into the circuit court of Overton county, where it was tried at the October term, 1846.
Upon the trial, as appears from the bill of exceptions, the plaintiff read a note in evidence, in the words and figures following, to wit:
“One day after date, I promise to pay Joel Martin thirty dollars, for value received, this 9th of March, 1840.”
Wm. May [seal.]
On the back of which was the following endorsement.
“I assign the within note to A. Dick, for value received, this 3rd day of May, 1843. J. C. Maetin.
The plaintiff then introduced James Dick, by whom he proposed to prove, that at the time the note was transferred by Martin to him, that he promised and agreed that he would pay the note and money advanced to him for the note, without any demand or notice — that he only wanted the money a few days, and would pay it, and take up the note. This evidence was rejected by the court, and there was a verdict and judgment for the plaintiff.
In the rejection of this testimony, we think, the court erred.
We presume the court in rejecting the testimony, did so upon the belief, that thfe assignment was a written contract, which' could not be waived by parol proof. The defendant’s right to *264 have the demand made and notice of the dishonor of the note is an implication oflaw, arising out of the custom of merchants; being then not an express, but an implied stipulation, parol proof may be heard, that the defendant had waived this right and bound himself to pay without demand and notice.
Story in his Commentaries on Promissory Notes, sec. 271, says: “In the next place, as to cases of special agreement between the holder and a particular endorser, in waiving due presentment of the note. This proceeds upon the well known maxim, quilibet potest renuciare jnri pro se introducto. If the agreement is prior to the maturity of the note, it necessarily amounts to a dispensation from a due presentment of the note, and it would operate as a fraud upon the holder if the objection were available afterwards, since he may have regulated his conduct as to the neglect in consequence of his confidence in the agreement.” In sec. 279, of same work, the author further says: “In many cases the promise of an endorser, either prior, or subsequent to the maturity of the note, is relied on as evidence to establish a waiver of due presentment, or due notice of the dishonor of the note. And all the circumstances of the case must be then taken into consideration, in order to ascertain whether the promise does, or does not amount to such a waiver. Thus, when the endorser promised a Bank to attend to a renewal of a note held by the Bank, and to take care of it, and also directed the usual notice to the maker, when it became due to be sent to himself; it was held to amount to presumptive evidence of a waiver by him of a regular presentment and notice: Taunton Bank vs. Richardson, 5 Pickering’s Reps., 436. So where the endorsee of a note, at the time when the note was endorsed to him, told the endorser that he had no confidence in the other parties to the note, and did not know them, and should look wholly to him: and the endorser replied, that he should be in New York, where the endorsee lived, when the note became due, and would take it up if not paid by any other party, it was held to warrant the conclusion that there was a waiver of notice. Boyd vs. Cleveland, 4 Pickering’s Reps., 525. In the case of Baker vs. Prentiss, 6 Mass. Reps., 430, Chief Justice Parsons, in delivering the opinion of *265 the court, says: “Parol evidence may be given to contradict a written simple contract, orto show that the whole of it was not reduced to writing, but that it was made with certain restrictions, conditions, or limitations expressly agreed upon, but not contained in the written contract, but that a written simple contract must be explained according to the true construction of it, and not by parol evidence, where there are no latent ambiguities; because, the written terms of the contract are better evidence of its intent, than parol explanation. That is, a written simple contract may be contradicted, or added to by parol proof, but cannot be so explained unless in the case of latent ambiguity. In the case of Fuller vs. McDonald Admr. 8 Greenleaf, 215, it is held. “If the payee of a negotiable note, endorse it in blank, he thereby assumes a legal liability as endorser, depending upon written evidence, and parol evidence was inadmissible to convert it into a contract of guarantee; but that parol evidence was admissible to show that the right to demand and notice was waived by the endorser, and that it was waived by the endorser, and that it was not necessary that such waiver bé positive; but that it might result by implication from usage, or from any understanding between the parties which is of a character to satisfy the mind, that a waiver was intended.”
In the case of Kimbro vs. Lamb, 5 Hum. 17, it appeared that the endorsement of the note was made in blank, and that the plaintiff filled it up, waiving demand and notice — there was proof tending to show, that at the time of the endorsement, the defendant give the plaintiff authority to fill it up, as might best suit his interest. This testimony was rejected by the circuit judge, for which reason, this court reversed his judgment, holding that parol proof was admissible to prove such authority, and that it was equally binding upon the defendant as if he had filled the endorsement himself.
These authorities show most conclusively that the circuit judge, in rejecting the testimony in this case, which was offered to prove a waiver of demand and notice at the time of the endorsement, erred. We therefore reverse his judgment, and remand the case for a new trial.